IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:21-cr-103 |
| | § | |
| MOHAMED M. MOKBEL | § | |

**DEFENDANT MOKBEL'S RESPONSE TO GOVERNMENT'S
MOTION TO EXCLUDE INSTINCTIVE EDGE RECORDINGS (DOC. 275)**

The government's motion to exclude the Instinctive Edge recordings Mokbel seeks to admit--DX 20, 30, 50, and 60--consists mostly of jury argument with no bearing on the admissibility of the recordings. We disagree with key points of that argument. To cite one example, the government suggests that 4M fooled prescribing doctors by hiding topical creams at the bottom of a list of diabetic supplies. Doc. 275 at 7 (citing GX 513). But the government omits that the topical creams appeared *immediately above* the space for the doctor's signature; they were placed, in other words, where the doctor was *most likely to see them*. The government's polemic has other flaws as well, but none bears on the admissibility of the recordings.[1] We turn to that issue.

---

[1] One point bears noting because it will likely recur throughout the trial. The government asserts repeatedly that Greg Rispler provided patient "referrals" to 4M. *E.g.*, Doc. 275 at 2-7. The term "referral" is drawn from the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2)(A). Under *United States v. Marchetti*, 96 F.4th 818 (5th Cir. 2024), Rispler's sales of patient leads to 4M do not constitute "referrals" as that term is used in the AKS, because Rispler did not make healthcare decisions on behalf of patients. *See id*. at 827 (equating "referrer" with one who "make[s] healthcare decisions on behalf of patients"); *see also* Doc. 270 at 79-80 & n.10.

## ARGUMENT

The government argues that the Instinctive Edge recordings are (1) hearsay and (2) excludable under Fed. R. Evid. 403. Doc. 275 at 9. It is wrong on both points.

I.  **HEARSAY.**

The recordings are not hearsay because Mokbel does not offer them for the truth of any matter asserted in them. Fed. R. Evid. 801(c). Instead, he offers the recordings to show that the patients consented to receive 4M's services. That consent is a "verbal act"; it has independent legal significance, regardless of its truth or falsity. *See United States v. Moreno*, 233 F.3d 937, 940 (7th Cir. 2000) (consent to search) (citing cases); *United States v. Mena*, 863 F.2d 1522, 1531 (11th Cir. 1989) (same); *see also, e.g., Kepner-Tregoe, Inc. v. Leadership Software, Inc.,* 12 F.3d 527, 539-40 (5th Cir. 1994) (contracts are non-hearsay verbal acts); *C&M Oilfield Rentals v. Location Illuminator Technologies,* 2020 U.S. Dist. LEXIS 205562, at *22-*23 (W.D. Tex. Sep. 18, 2020) (statements about creation terms of oral agreement are non-hearsay verbal acts); *Thompson v. Yellow Fin Marine Services,* 2016 U.S. Dist. LEXIS 97461, at *4-*5 (E.D. La. July 26, 2016) (release may constitute non-hearsay verbal act if effect of that act is relevant); Fed. R. Evid. 801(c), advisory committee notes ("The effect [of Rule 801(c)] is to exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights.").

We note that the patients in the recorded calls will testify at trial as government witnesses. Rispler as well will testify, and the government apparently intends to ask him

about his (or his company's) interactions with patients. Doc. 275 at 8-9. Thus, the defense may use the recordings to impeach government witnesses (the patients and Rispler), another non-hearsay purpose.

## II.     RULE 403.

The recordings are both probative and, with a proper limiting instruction, neither confusing nor misleading.

We expect the government to argue that Rispler, 4M, or both duped or tricked the patients into using 4M's services. The recorded calls will show that the patients consented to the use of those services knowingly and voluntarily. The calls may also be relevant to impeach the credibility of government witnesses. They thus will have significant probative value.

The government asserts that admission of the recordings will confuse and mislead the jurors. Doc. 275 at 9. But a limiting instruction explaining that the recordings are not admitted for their truth but solely to show the patients' consent to the use of 4M's services will eliminate that danger. And if the government has any lingering concerns about juror confusion, it can address them through its examination of Rispler and the patients.

## CONCLUSION

For the foregoing reasons, the Court should pre-admit DX 20, 30, 50, and 60.

Respectfully submitted,


*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8877
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508

*/s/ John D. Cline*
John D. Cline
Law Office of John D. Cline
600 Stewart Street, Suite 400
Seattle, WA 98101
(360) 320-6435
cline@johndclinelaw.com
California Bar License# 237759

*Counsel for the Defendant Mohamed Mokbel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served this 23d day of September 2024 to the counsel of record, via ECF.

                                      */s/ Charles Flood*
                                      Charles Flood