UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO.: H-4-21-cr-103-S4 |
| | § | |
| MOHAMED M. MOKBEL, | § | JUDGE LEE H. ROSENTHAL |
| | § | |
| Defendant. | § | |

## THE UNITED STATES OF AMERICA'S OPPOSITION, TO THE INTRODUCTION OF THE REDACTED VERSION OF PROPOSED DEFENSE EXHIBIT 701

In Defendant's memorandum concerning the admissibility of the proposed defense exhibit 701 (*see* Doc. 266), Defendant claims that the proposed exhibit is admissible pursuant to Fed. R. Evid. 803(8)(A)(iii) and (B). Defendant has since provided a redacted version of the proposed exhibit at Docket Entry 299-4. However, the new proposed exhibit conveniently redacts the footnotes that form the bases of the material contained therein. *Compare* Doc. 299-3. A review of the pertinent footnotes (or lack thereof), as well as the redacted portions not included establish that the proposed exhibit, with the exception of the proposed portion of page 7 and the columns in the chart on page 10, is inadmissible.

Fed. R. Evid. 803(8) states, in pertinent part, that "[a] record or statement of a public office if . . . it sets out . . . in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and . . . the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

Here, when reviewing the footnotes that form the bases of the portions of the report Defendant seeks to admit, they establish that the selected portions are inadmissible.

**Page 3, First Sentence:** According to footnote 1, this portion of the proposed exhibit is from the FTC Interim Report that this Court had already ruled is inadmissible. Therefore, the

1

United States submits that seeking admission of this portion of the proffered exhibit is nothing more than an back-door attempt to introduce into evidence material already found to be inadmissible. As a result, this portion of the proffered exhibit should not be allowed.

**Page 3, Second Sentence:** According to footnote 2, this portion of the proposed exhibit is an article of Adam J. Fein at the website for Drug Channels. That website specifically states that "[w]hile all information is believed to be reliable at the time of writing, the information provided here is for reference use only and does not constitute the rendering of legal, financial, commercial, or other professional advice by HMP Omnimedia, LLC, Drug Channels Institute, or the author. Any reliance upon the information is at your own risk, and HMP Omnimedia, LLC, Drug Channels Institute, and the author shall not be responsible for any liability arising from or related to the use or accuracy of the information in any way" *See* https://www.drugchannels.net/p/about-blog.html (emphasis added). Therefore, the website from which this information was obtained puts its trustworthiness into question, and thus, it should not be found to be admissible. Moreover, Mr. Fein and the websites describe themselves as providing "expert insights on pharmaceutical economics and the drug distribution system." *See id*. The United States submits that if Defendant seeks the introduction of expert testimony, he should follow the rules for admission of such testimony and should not be allowed to seek its introduction through alternate means that would preclude the United States from being able to challenge such testimony through a *Daubert* hearing or cross-examination.

**Page 4:** In *Thibodeaux v. WellMate,* No. 12-1375, 2014 WL 1329802, at *2 (E.D. La. March 31, 2013), *app. dismissed,* No. 16-30981, 2016 WL 11901138 (5th Cir. Sept. 23, 2016), that Court explained that:

> In *Beech Aircraft Corp. v. Rainey,* the Supreme Court rejected the argument that the term "factual findings" in Rule 803(8) encompassed only "facts" and not

2

> "opinions" and "conclusions." 488 U.S. 153, 170 (1988). The Court held that factually based conclusions or opinions are not on that account excluded from the scope of Rule 803(8). *Id.* But the Supreme Court left for another day the question of whether legal conclusions are admissible as findings of fact: "We emphasize that the issue in this litigation is whether Rule 803(8)(c) recognizes any difference between statements of "fact" and "opinion." There is no question here of any distinction between "fact" and "law." We thus express no opinion on whether legal conclusions contained in an official report are admissible as "findings of fact" under Rule 803(8)(c)." Three circuit courts, the Fourth, Ninth and Eleventh, have addressed this issue and found that conclusions of law are not admissible as factual findings under Rule 803(8). *See Zeus Enters., Inc. v. Alphin Aircraft Inc.,* 190 F.3d 238 (4th Cir.1999); *Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770 (9th Cir.2010); *Hines v. Brandon Steel Decks, Inc.,* 886 F.2d 299 (11th Cir.1989). In *Hines,* the Eleventh Circuit explained that legal conclusions within a report are not admissible because "the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements of the underlying legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires." 886 F.2d at 303. The Court has been unable to find an opinion in which our circuit court addresses this issue. The Court finds the reasoning of the Fourth, Ninth and Eleventh circuits persuasive and holds that the portions of a public report containing legal conclusions are not included within the hearsay exception of Rule 803(8) and thus are inadmissible hearsay. While the majority of the BSEE report is fact based and therefore admissible under Rule 803(8) so long as the information is trustworthy, Paragraphs 8, 18, and 19 of the Accident Investigation Report, as well as Paragraph 7 of the Accident/Incident Form, contain BSEE's legal conclusions concerning the probable cause of the accident and the contributing causes of the accident and as a result are inadmissible hearsay.

*Id.*

Here, the proposed paragraph from this page is a mere legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information. Indeed, the paragraph is completely uncited. Therefore, without any background provided for the basis of this statement, it should be excluded as a legal conclusion.

**Page 5:** In addition to suffering from the same infirmities as the proffered section of Page 4, a review of the redacted portion of this section reveals that to only allow the unredacted portion would create a misleading impression as to what is actually stated. Specifically, the

3

redacted portion of the end of the sentence sought to be admitted states that "rather than pharmacies that may have <u>closer proximity</u> or provide better care" (emphasis added). The United States submits that the "closer proximity" portion of this sentence is of utmost import to the Court's determination of admissibility as Defendant's pharmacy was a mail order pharmacy that did not send prescriptions to nearby patients, but rather all across the country. Thus, this sentence is inapplicable and irrelevant to Defendant's situation and allowing the unredacted proffered portion would create a misleading impression that it is applicable to a mail order pharmacy such as that of Defendant.

**Page 7:**     The United States does not object to this portion of the proffered exhibit.

**Pages 8 and 10:**     The United States objects to these portions of the proffered exhibit on the ground that they come from the same source as **Page 3, Second Sentence**. Moreover, these two charges appear to be identical with the exception that the chart on page 8 in one more year removed from the indictment date than the chart on page 10 and contains excess markings that make it more confusing and difficult to understand than the chart on page 10. Nevertheless, the United States does not object to the information contained in the middle of the chart on page 10 regarding the title of the chart ("Vertical Business Relationships Among Insurers, PBMs, Special Pharmacies, and Providers, 2022") and the rows that states insurer, PBM, Specialty Pharmacy and Provider Services. However, the United States submits that chart would still be objectionable on relevance grounds as it refers to the relationships of these entities at a date after the acts alleged in the Indictment.

**Page 11, First Paragraph, Second Sentence:**     The United States is unopposed to admission of this sentence.

**Page 11, First Paragraph, Second Sentence:**     The United States is opposed to this sentence because, similar to **Page 3 First Sentence**, it comes from the FTC report that this Court has already found to be inadmissible.

**Page 11, First Paragraph, Third Sentence:**     The United States objects to this portion of the proffered exhibit on the ground that they come from the same source as **Page 3, Second Sentence**.

**Page 11, Second Paragraph First Sentence:**     The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion.  *See* **Page 4** objection.

**Page 11, Second Paragraph, Second Sentence:**     The United States objects to this portion of the proffered exhibits because it comes from an article from the ProMarket website. This website (*see* https://www.promarket.org/about-this-publication/ and https://www.promarket.org/pro-market-policy/) indicates that it does not publish fact-finding, but rather "articles [that] are written by academics and scholars.  However, we also publish articles from policymakers, practitioners, journalists, and students."  *Id.*  It also indicates that the "most important" thing for an article to be published is that it be "comprehensive and insightful."  *Id.*  In short, the source for this sentence is just an uncorroborated article that is the classic definition of hearsay.  As for the author, her own website indicates that she is "the Co-Director of Institute for Local Self-Reliance (ILSR)[1] and runs its Independent Business Initiative.[2]   She's written

---

[1] Indeed, according to her LinkedIn page, being the director of this institute is the only job she has held.  *See* https://www.linkedin.com/in/stacy-mitchell-0ba12414/.
[2] The reliability and lack of bias in this organization's publications should be questions as it "has a vision of thriving, diverse, equitable communities. To reach this vision, we build local power and fight corporate control." https://ilsr.org/about/.

extensively about the impact of monopoly power on independent business and is a leading advocate for antitrust reform." *See* https://www.promarket.org/author/stacy-mitchell/. The United States submits that a mere citation to an article by this individual does not constitute the type of fact-finding envisioned by Fed. R. Evid. 801(8).

**Page 11, Second Paragraph, Third Sentence:** The United States objects to this portion of the proffered exhibit as the source is the National Association of Chain Drug Stores, which, based on its website, appears to be a lobbying organization. *See* https://www.nacds.org/.

**Page 11, Second Paragraph, Fourth Sentence:** The United States objects tot his portion of the proffered exhibit as the source is the Washington State Pharmacy Association, which, similar to Page 11, Second Paragraph, Third Sentence, appears to be a statement from a lobbying organization. *See* https://www.wsparx.org/?. Importantly, at the bottom of the aforementioned website, the paid sponsors of the organization include several pharmacists and health marts that appear to be competitors of the drug stores that are part of the alleged monopolies of the PBMs. *See id.*

**Page 11, Second Paragraph, Fifth Sentence:** The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion. *See* **Page 4** objection.

**Page Twelve:** The United States submits that the proposed unredacted portion of this page misrepresents its actual statement as the preceding paragraph states "[i]ndependent pharmacies can be the center of a community. We are more than just providing medication for people. We can help on things that they can't gget into right away with their physicians." When including this

portion of the section, it is inapplicable to Defendant's pharmacy, which, was not a center of the community, but rather, mailed all over the country. Thus, this section is inapplicable.

**Page 12, First Sentence:** The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion. *See* **Page 4** objection.

**Page 12, Second Sentence:** This portion of the proffered exhibit was written by Frier Levit, who was Defendant's law firm in his numerous lawsuit against Optum RX, Express Scripts, CVS, and Ms. Anosike. A statement by Defendant's former counsel is unquestionable not admissible under Fed. R. Evid. 803(8).

**Page 12, Third Sentence (continues to top of Page 13):** This portion of the proffered exhibit is from McKesson, which, according to its website, appears to be either a rival/competitor to the pharmacies that are part of the pharmacy benefit manager companies alleged monopolies, or a company that supplies wholesale prescription medications to those pharmacies (and thus, has a self-serving interest when it comes to the price they pay for the services McKesson provides). *See* https://www.mckesson.com/about-mckesson/.
The same is true with the first sentence and charge on the top of page 13.

**Page 13, First Sentence:** Similar to **Page 12, Second Sentence,** the United States objects to this portion as it is from Defendant's prior attorney.

**Page 13, Chart:** Similar to **Page 12, Third Sentence (continues to top of Page 13),** this portion of the proffered exhibit is from McKesson, which is either a competitor to or supplier with a self-serving interest of the pharmacies that are related to the monopolies alleged by Defendant.

**Page 13, Second Paragraph:** This paragraph is based on articles from Pharmacy Times, which, when the link to the "About Us" is selected, is a publication of MJH Life Sciences. That company appears to be competition for the PBM pharmacies. *See* https://www.pharmacytimes.com/ and https://www.mjhlifesciences.com/. Thus, it is unreliable as fact-finding of a public office.

**Page 16, First Sentence:** The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion. *See* **Page 4** objection.

**Page 16, Second Sentence:** The United States objects to this portion as it is based on a "Press Release" from the FTC. The United States submits that press releases, when from the FTC or United Staes Attorney's Office, are inadmissible hearsay and are even less reliable than the FTC Interim Staff Report this Court has already determined to be inadmissible.

**Page 16, Third Sentence:** The United States objects to this portion as the footnote does not indicate from which of three different sources it is relying. The citation includes a Staff Report (which the United States submits is inadmissible based on the Court's earlier ruling), a prior House Committee Report (which may be admissible), and a press release (which is inadmissible). Thus, without further information, the United States submits that the reliability and basis of this sentence is insufficient to comply with Fed. R. Evid. 803(8).

**Page 17, Photograph:** The United States is unopposed to this photograph and caption.

**Page 17, First Paragraph and Heading to Photograph on Page 18:** The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background

provided for the basis of this statement, it should be excluded as a legal conclusion.  *See* **Page 4** objection.  The United States notes that although the second sentence of this paragraph and header to the photograph contain a citation, that citation does not include the editorial contained in that sentence.  Rather, the citation is merely a link to the letter itself reproduced on the top of Pate 18.

**Page 18, Photograph:**  The United States is unopposed to the photograph itself contained on Page 18.

**Page 18, First Paragraph, First Sentence:** The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion.  *See* **Page 4** objection.

The United States further objects to this portion because the redacted portion of the paragraph following this sentence reveals that it is solely referring to opinions about prescriptions in the State of Washington.  That is irrelevant to the case before this Court.

**Page 18, Second Paragraph:** The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion.  *See* **Page 4** objection.

**Page 19, Caption to Photograph:**  The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion.  *See* **Page 4** objection.

**Page 19, Photograph:**  The United States is unopposed to the photograph itself contained on Page 18.

**Page 19, First Paragraph, First Sentence:**  The United States is unopposed to the first sentence of the first paragraph on page 19.

**Page 19, First Paragraph, Second Sentence:**  The United States objects to this legal conclusion as opposed to a factual finding as there is no basis via a footnote for the source of this information, it is completely uncited, and thus, without any background provided for the basis of this statement, it should be excluded as a legal conclusion.  *See* **Page 4** objection.  The second sentence is a conclusion that is not a factual finding.

**Page 19, Second Paragraph, First, Second, and Third Sentences:**  The United States is unopposed to the first three sentences of the second paragraph of Page 19.

**Page 19, Second Paragraph, Fourth Sentence:**     This sentence cites prior testimony of a prior hearing of the House of Representatives subcommittee.  However, it fails to indicate to what testimony it is referring (i.e, the individual providing the testimony).  Therefore, there is no way to gauge its reliability or the reliability or biases of the witness providing that information.  As such, it fails to meet the requirements of Fed. R. Evid. 803(i).

**Page 19, Third Paragraph:** The unredacted portion of the last paragraph should be inadmissible as the redacted portion reveals that it is a reference to "specialty pharmacies," which Defendant's pharmacies are not.  Thus, it is inadmissible as irrelevant and also inadmissible as it presents a false version of what is actually stated.  Another basis as to why it is inadmissible is because it is based on a newspaper article from MedPage Today.  A review of that webpage reveals that it is sponsored by "Prime," which Defendant's own charts reveals is a rival to the pharmacies that are part of the alleged monopolies of the three largest pharmacy benefit management companies.  *See* https://www.medpagetoday.com/.

**Page 23, First and Second Sentence:** The United States objects to this portion as it is based on information from the Pharmacists Society of the State of New York, which appears to be a lobbying group of the State of New York.  *See* https://www.pssny.org/page/A8.

**Page 23, Third Sentence:** The United States objects to this portion as it is based solely on an NPR broadcast, which is a classic definition of hearsay, much less does it not constitute fact-finding of a public office.  It also refers to "community pharmacies" as being harmed, which is inapplicable and irrelevant to Defendant's case because he ran a series of mail-order pharmacies.

## Conclusion

For the abovementioned reasons, the admission of the redacted version of Defendant's Proffered Exhibit 701 should be denied, or in the alternative, only the very limited sections identified above should be admitted.

Date:   October 10, 2024               Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney, Southern District of Texas

By:     *s/ Adam Laurence Goldman*
Adam Laurence Goldman
Assistant United States Attorney
Attorney-in-Charge
S.D. Tex. ID No.: 1034195
State Bar Nos.:  NY3038023/DC476521
1000 Louisiana Street, 27th Floor
Houston, Texas 77002
Tel.: (713) 567-9534; FAX: (713) 718-3303
E-mail:  Adam.Goldman2@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October, 2024, I electronically filed this document with the Clerk of Court using CM/ECF, to which opposing counsels are members:

*s/ Adam Laurence Goldman*
Adam Laurence Goldman
Assistant United States Attorney