UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO.: H-4-21-cr-103-S4 |
| § | |
| MOHAMED M. MOKBEL, § | JUDGE LEE H. ROSENTHAL |
| § | |
| Defendant. § | |

### THE UNITED STATES OF AMERICA'S REPLY
### CONCERNING FRAUD JURY INSTRUCTION

**I.       Intent to Defraud**

During the jury charge conference on October 11, 2024, Defendant objected to the term "or bringing about some financial gain to the defendant" in the jury instruction for "intent to defraud" that read ""[a] defendant acts with the necessary 'intent to defraud' tf the defendant acts knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another *or bringing about some financial gain to the defendant*" (emphasis added). Defendant alleges that the instruction above was violative of the Fifth Circuit Court of Appeals' holding in *United States v. Greenlaw,* 84 F.4th 325 (5th Cir. 2023). Defendant misreads *Greenlaw.*

In *Greenlaw,* the defendant challenged the jury instruction on the definitions of "scheme to defraud" and "intent to defraud."  84 F.4th at 349.  The instruction given in that case was that a "scheme to defraud means any plan, patter, or course of action intended to deprive another of money or property *or* bring about some financial gain to the person engaged in the scheme . . . [and] [a] specific intent to defraud means a conscious, knowing intent to deceive *or* cheat someone."  *Id.* at 349-50 (emphasis in original).  The Fifth Circuit declined to rule on whether the instruction for "scheme to defraud" was erroneous."  *See id.* at 352.  However, on the instruction for "intent to defraud," the Fifth Circuit, after a lengthy analysis, merely explained that the use of

1

the word "or" was erroneous and that the instruction should have concluded with the term "intent to deceive *and* cheat someone" *Id.* at 350-51 (citing *United States v. Miller,* 953 F.3d 1095, 1101-04 (9th Cir. 2020).

More importantly, and overlooked by Defendant, is that the Fifth Circuit in *Greenlaw* specifically stated "[a]s for the "intent to defraud" element, the Government must prove "an intent to (1) deceive, and (2) cause some harm to result from the deceit." . . . this element is generally satisfied "when [a defendant] acts knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or *bringing about some financial gain to himself*." *Id.* at 339-40 (internal citations omitted and emphasis added).

The Court's current instruction complies with the post-*Greenlaw* state of the law in the Fifth Circuit in that it refers to a "specific intent to deceive" as opposed to a "specific intent to deceive or cheat." The subsequent language complained of by Defendant at the October 11, 2024 conference is, at best, unrelated to the holding in *Greenlaw,* but more likely in direct contravention of that holding. Indeed, several courts in the Fifth Circuit have used the language complained of by Defendant in a post-*Greenlaw* setting, including one relied upon by Defendant. *See United Healthcare Services, Inc., et al., v. Rossel, et al.,* No. 3:21-cv-1547, 2024 WL 4451761, at *26 (N.D. Tex. July 23, 2024); *United States v. Glover Wing,* No. 6:21-cr-312, 2024 WL 1435235, at *2 (W.D. Law. April 3, 2024); *United States. v. Constantinescu,* No. 4:22-cr-612, 2024 WL 1221579, at *4 (S.D. Tex. March 20, 2024).[1]

---

[1] The indictment was dismissed in *Constantinescu* not due to anything related to this jury instruction or element, but rather, due to the fact that the indictment, as charged, expressed the "right to control" theory that was abrogated in *Ciminelli v. United States,* 598 U.S. 306 (2024). That element is not present here.

Regarding the Eleventh Circuit Jury Instructions, the Annotations and Comments to Instruction O50.1(2024) make clear that instruction is based upon the decision in *United States v. Takhalov,* 827 F.3d 1307, 1315 (11th Cir. 2015), *altered in part on denial of rehearing,* 838 F.3d 1168 (11th Cir. 2016). *Takhalov* was addressed in *Greenlaw,* which explained that:

> Likewise, the Eleventh Circuit's decision in *Takhalov* is consistent with our view here. . . . In that case, the defendants tricked men to come into their bars and nightclubs by hiring "[women] to pose as tourists, locate visiting businessmen, and lure them" in. . . . The defendants asked the district court to instruct the jury that the "[f]ailure to disclose the financial arrangement between the [women] and the Bar, in and of itself, [was] not sufficient to convict a defendant of any offense[.]" . . . The Eleventh Circuit determined that the defendant's instruction was a correct statement of the law and rejected the Government's attempt to instruct the "jurors that they could convict only if they found that the defendants had schemed to lie about the quality or price of the goods sold to the [men]." . . . It therefore made clear that a defendant "cannot be convicted of wire fraud on the basis of [a] lie alone . . . [because] deceiving is a necessary condition of defrauding but not a sufficient one." . . . Appellants point to these decisions as persuasive authority and we agree with our sister circuit's interpretation of similar instructions of an intent to defraud. This element is present in each count of this case, and when confronted with this instruction, a reasonable juror could conclude that evidence of Appellants' misrepresentations and lies alone obligated the jury to infer an intent to defraud. Because deception, alone, will not suffice, the intent to "deceive *or cheat*" instruction was erroneous.

84 F.4th at 351 (emphasis added).

The problem with the Eleventh Circuit jury instruction cited by Defendant is that it is incomplete, and when the completeness of that instruction is reviewed, it is understandable that differing language had to be added at the section cited by Defendant because, otherwise, the remainder would be violative of *Greenlaw.* Specifically, at the beginning of the instruction cited, the Eleventh Circuit uses the very phrase "intended to deceive *or* cheat someone" that was disapproved of in *Greenlaw.* Next, the instruction adds the language that "[t]he Government does not have to prove all of the details about the precise nature and purpose of the scheme. . . . It doesn't even have to prove that anyone was actually defrauded." In other words, the Eleventh

3

Circuit decided to take a different tact is addressing the elements at issue in *Greenlaw* and adopting the portion referred to by Defendant cannot be done without a full fledged adoption of the entirety of the Eleventh Circuit instructions. Such a rewrite of this Circuit's instructions, is both unnecessary and confusing. Therefore, Defendant's proposed jury instruction should be rejected.

Next, it is interesting that Defendant cites *United States v. Sadler,* 750 F.3d 585 (6th Cir. 2014) for two reasons. First, the case would only be applicable here if the fraud alleged was in Defendant's dealing with the wholesalers of the medications he later resold. That is not the allegation in the indictment. More importantly, *Sadler* was later on distinguished and explained by the Sixth Circuit Court of Appeals in *United States v. Bolos,* 104 F. 4th 562 (6th Cir. 2024). Importantly, an examination of *Bolos* explains in great detail why the House of Representatives Report Defendant seeks to admit is completely irrelevant and would, at best, go to an inadmissible jury nullification argument.

As for Defendant's reliance on *United States v. Starr,* 816 F.2d 94, 101 (2d Cir. 1987), not only was it explained in detail in *United States v. Venkata,* 709 F. Supp. 3d 9, 22-24 (D. D.C. 2024) that there exists a circuit split on the issue described therein, but it is noted that holding relied upon by Defendant has been distinguished and limited time and again by the Second Circuit Court of Appeals such that its current validity is questionable. *See United States v. Paccione,* 949 F.2d 1183 (2d Cir. 1991); *United States v. Frank,* 156 F.3d 332 (2d Cir. 1998), *United States v. Walker,* 191 F.3d 326 (2d Cir. 1999)[; *United States v. Shellef,* 507 F.3d 82, 108 (2d Cir. 2007); *United States v. Jubar,* 19 F. 4th 66 (2d Cir. 2021).

In sum, Defendant's challenge to this instruction should be rejected.

**II.     Scheme to Defraud**

As explained above, *Greenlaw* only took issue with use of a disjunctive in the "intent to defraud" jury instruction, but declined to issue ruling on the "scheme to defraud" instruction. Thus, it cannot be relied upon for the latter portion of the jury charge.

Moreover, as explained about *Constantinescu,* that dismissal did have anything related to this jury instruction or element, but rather, due to the fact that the indictment in that case, as charged, expressed the "right to control" theory that was abrogated in *Ciminelli v. United States,* 598 U.S. 306 (2024). That element is not present here. Also unrelated to this case is the pending Supreme Court decision in *Kousisis v. United States,* No. 23-909. The three questions presented in that case are "[w]hether deception to induce a commercial exchange can constitute mail or wire fraud, even if inflicting economic hard on the alleged victim was not the object of the scheme; [w]heher a sovereign's statutory, regulatory, or policy interest is a property interest when compliance is a material term of the payment for goods or services; [and] [w]hether contract rights are property." *See* https://www.supremecourt.gov/docket/docketfiles/html/qp/23-00909qp.pdf[2] In any event, the issues in this case are readily distinguishable from those in *Koumasis,* which involved fraud in inducing a contract even though the terms of the contract were purportedly performed (i.e., lying about minority ownership to obtain a painting contract even though the painting was purportedly performed).

---

[2] It is noted that the question presented by the Supreme Court is distinguishable from how Defendant's counsel has phrased the question presented in his amicus brief in that case, which is "[w]hether a scheme to induce a transaction in property through deception, but which contemplates no harm to any property interest, constitutes a scheme to defraud under the federal wire fraud statute, 18 U.S.C. § 1343." *See* https://www.supremecourt.gov/DocketPDF/23/23-909/323320/20240826023832695_23-909%20Kousisis%20et%20al%20v%20United%20States%20of%20America%20Brief%20of%20Amicus%20Curiae.pdf.

In sum, this claim too should be rejected.

## III.   Materiality

Defendant appears to claim that the United States is bound to accept their definition of "materiality" as opposed to the Pattern Jury Instructions based on four citations in the Solicitor General's brief in *Ciminelli v. United States,* No. 21-1170 and three citations in the Solicitor Generals' brief in *Kousisis v. United States,* No. 23-909.  Defendant misreads those sections.  First*, Ciminelli* dealt with a right to control theory of fraud and the brief for the United States in that case merely gave several different definitions of materiality to explain why, even under those definitions, the petitioner's conduct in that case met the definition of materiality.  First, on page 18, the United States brief did not state that the term "essence of the contract" or "essence of the contract" was required for a jury instruction, but rather that explained that those phrases are just articulations of the standard from a civil False Claims Act case and a 1931 New York State court case.  Second, on page 30, the Solicitor General's brief merely notes that the right to control theory, which was overruled, would satisfy that "essence of the bargain" definition.  The last citation merely noted that claiming to have a same alma mater or favorite hockey team may help a party get a contract, but is not material as that is not an essence of the bargain.  Importantly, none of these citations mandates additional language to the jury instruction.

As for *Kousisis*, the brief at page 17 merely notes that the materiality of the Defendants conduct in that case was "amply satisfied" and again only provided a "essence of the bargain" term to note that it was met.  As for pages 44-45, the brief notes that the petitioner in that case challenge the "essence of the bargain" term as "too amorphous."  Thus, if defense counsel is supporting the petitioner's argument in that case, he would be trying to have his cake and eat it to by, on the one

hand, claiming that term is too amorphous, and on the other, demanding it be placed word-for-word into the pattern jury instruction.

As for *United States v. Miller,* No, 23-3194 (9th Cir.) another case in which Defendant's counsel is the attorney of record and drafted the brief, it relied on the prior Ninth Circuit decision in *United States v. Milheiser*, 98 F.4th 935 (9th Cir. 2024), which was unique because the instruction given in that case on materiality only had the first of the five sentences in the Fifth Circuit Pattern Jury Instruction. In this case, the Pattern Jury Instruction is far more expansive and the third and fourth sentences in particular address the issues raised by the defendant in *Milheiser*. Indeed, it is noteworthy that Defendant has failed to explain how those two sentences do not cover the language he now seeks to include. As for *Miller* itself, the United States still maintains that conviction was proper and only moved to withdraw 2 pages of its brief based on a recent Ninth Circuit case. In any event, the jury instructions in that case were far less detailed than that in the Fifth Circuit Proposed Jury instruction as the entire definition read "the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property." *See* Exhibit One.

Therefore, this claim too should be rejected.

Date:   October 13, 2024	Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney, Southern District of Texas

By:	*s/ Adam Laurence Goldman*
Adam Laurence Goldman
Assistant United States Attorney
Attorney-in-Charge
S.D. Tex. ID No.: 1034195
State Bar Nos.: NY3038023/DC476521
1000 Louisiana Street, 27th Floor
Houston, Texas 77002
Tel.: (713) 567-9534; FAX: (713) 718-3303
E-mail: Adam.Goldman2@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2024, I electronically filed this document with the Clerk of Court using CM/ECF, to which opposing counsels are members:

*s/ Adam Laurence Goldman*
Adam Laurence Goldman
Assistant United States Attorney