IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:21-cr-103 |
| | § | |
| MOHAMED M. MOKBEL | § | |

### DEFENDANT MOKBEL'S OBJECTIONS TO COURT'S DRAFT JURY INSTRUCTIONS

To expedite discussion of jury instructions this morning (October 14) and to ensure a clear record, defendant Mokbel submits the following outline of his objections to the Court's draft instructions circulated the evening of October 13.

**General instructions:**

Pages 9-10:    We object to the "materiality" definition on grounds stated in Doc. 306 at 3-5. We request the instruction at Doc. 303 at 4.

Page 10:    We object to the "scheme to defraud" and "intent to defraud" instructions on the grounds stated in Doc. 306 at 1-3. We request the instructions at Doc. 270 at 57.

Page 11:    We object to the instruction that PBMs are health care benefit programs.

**Count 1:**

Pages 13-17:    A.    For conspiracy to commit mail fraud, the jury should be instructed on the elements of mail fraud. This instruction gives some of the elements, but it omits intent to defraud. For conspiracy to commit health care fraud, the instruction

should incorporate the elements of health care fraud given in the instructions on Counts 2 through 6.

       B. We contend that the health care fraud statute, like the mail fraud statute, provides a single theory, not two alternative theories. It is structured similarly to the mail fraud statute. In *McNally v. United States*, 483 U.S. 350, 359 (1987), the Court held that the mail fraud statute should be read conjunctively rather than disjunctively. The health care fraud statute should be interpreted similarly.

       C. We object to the omission of the defense instructions on Count 1 at Doc. 270 at 98-99 and at Doc. 303 at 5 (nature of the bargain).

       D. We object to omission of a unanimity of theory instruction. We request the instruction at Doc. 270 at 59-60 or, if the Court holds that the health care fraud statute states alternative theories, the instruction at Doc. 270 at 53-54.

**Counts 2 through 6:**

 Pages 18-20: We object to the omission of the instructions on health care fraud at Doc. 270 at 66-68.

 Page 18: We object to the phrase "overt acts," because this is not a conspiracy count and the use of that phrase will confuse the jury.

 Page 19: A. We object to omission of the element of "specific intent to defraud." *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases), Instruction 2.59 (second element).

       B. We object to the instruction on alternative theories; by analogy to mail fraud, the health care statute provides a single theory.

Page 20: We object to the *Pinkerton* instruction. Doc. 270 at 64 n.7. We acknowledge that the instruction correctly states current law and make the objection solely to preserve the record for future proceedings.

Page 21: This unanimity instruction is appropriate only if the Court holds, contrary to the defense position, that the health care fraud statute provides alternative theories.

**Count 7:**

Pages 22-27: We object to the omission of the Count 7 instruction at Doc. 270 at pages 100-103.

Pages 22-23: We object to instruction on conspiracy to defraud. Doc. 270 at 101 n.16. We acknowledge that the instruction correctly states current law and make the objection solely to preserve the record for future proceedings.

Pages 25-26: A. On the AKS instruction, we object to the phrase "and others"; the payments alleged in the indictment and at trial to be kickbacks were paid to Greg Rispler. In addition, Rispler's name should be spelled out to avoid jury confusion.

B. We object to the omission of additional elements and a definition of "refer" drawn from *United States v. Marchetti*, 96 F.4th 818 (5th Cir. 2024). Doc. 270 at 79-80.

**Counts 8, 9, 11, 12, 13, and 14:**

No instructions are included for these counts. We ask that the Court give the instructions at Doc. 270 at 35-36 (with Count 10 removed), supplemented by the tracing instruction at Doc. 303 at 6.

**Counts 15 and 16:**

To avoid jury confusion, the defense asks that "E.Y." be replaced throughout these instructions with "Ernest Young" or "Mr. Young," as appropriate.

Page 31: To ensure the instructions correspond to the allegations in the indictment, the third element should be revised to read: "*Third*: That Mr. Mokbel corruptly gave money to Mr. Young from February 2020 to March 2020, in the form of two checks totaling $6000, with the intent to influence or reward E.Y. in connection with a transaction or a series of transactions involving the credentialing of Grand RX Pharmacy with OptumRX."

Respectfully submitted,

*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8877
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508

*/s/ John D. Cline*
John D. Cline
Law Office of John D. Cline
600 Stewart Street, Suite 400
Seattle, WA 98101
(360) 320-6435
cline@johndclinelaw.com
California Bar License# 237759

*Counsel for the Defendant Mohamed Mokbel*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument was served this 14th day of October 2024 to the counsel of record, via ECF.

                                */s/ Charles Flood*
                                Charles Flood