**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:21-cr-103 |
| | § | |
| MOHAMED M. MOKBEL | § | |

**DEFENDANT MOKBEL'S RESPONSE TO**
**GOVERNMENT CONFESSION OF ERROR**

Following the government's belated confession of error on the materiality instruction, Doc. 357, the Court should grant Mokbel a new trial on Counts 1 through 7 (all of which rest in whole or in part on allegations of fraud) and Counts 8, 9, and 11 through 14 (all of which rest on alleged transactions in the proceeds of the fraud alleged in Count 1). Having obstinately refused during trial to comply with the Solicitor General's repeated representations to the Supreme Court, the government now confesses error but asks the Court to give it a pass. No defendant would ever get such an undeserved reprieve, and the government shouldn't either.

**BACKGROUND**

Mokbel requested an instruction on Counts 1 through 7 that "[a] misrepresentation is 'material' for purposes of Counts 1 through 7 if it goes to the very essence of the bargain between the 4M pharmacy and the pharmacy benefit manager or other person or entity with which the 4M pharmacy contracted." Doc. 303 at 4. The government opposed the instruction. Doc. 305 at 1-2. In response, Mokbel stated the following:

In his supplemental proposed instructions, Mokbel requests the following materiality instruction:  "A misrepresentation is 'material' for purposes of Counts 1 through 7 if it goes to the very essence of the bargain between the 4M pharmacy and the pharmacy benefit manager or other person or entity with which the 4M pharmacy contracted."  Doc. 303 at 4.  In the government's brief to the Supreme Court in *Kousisis*, the Solicitor General advocates the "essence of the bargain" materiality standard in the contracting context, *Kousisis v. United States*, No. 23-909 (U.S.), Brief for the United States at 17, 44-45 (attached as Exhibit A), just as the Solicitor General did in *Ciminelli v. United States*, No. 21-1170 (U.S.), Brief for the United States at 18, 30, 43-44 (attached as Exhibit B).

This case seems poised to play out much like a recent case in the Northern District of California, in which one of Mokbel's counsel represented the defendant.  In that case, the defendant requested the "very essence of the bargain" materiality instruction, citing the government's Supreme Court brief in *Ciminelli*.  *United States v. David Miller*, Case No. 3:15-cr-234 (N.D. Cal.), Doc. 1817 at 22.  The prosecution, like the prosecution in this case, opposed the instruction and urged the district court to give a weaker materiality instruction along the lines of Fifth Circuit Pattern Instruction 1.40.  The court agreed with the government.  *Miller*, Doc. 1832 at 32.

On appeal to the Ninth Circuit, *Miller* challenged the materiality instruction.  After initially defending the instruction, the government recently reversed course.  It conceded that Miller's proposed materiality instruction correctly stated the law, and it advocated the "very essence of the bargain" standard that Mokbel proposes here.  *United States v. Miller*, No. 23-3194, Doc. 39 (9th Cir. Sept. 26, 2024) (attached as Exhibit C).  The government's Supreme Court brief in *Kousisis* cited its letter to the Ninth Circuit in *Miller* and declared that its previous positions on materiality in that and similar cases "are not the views of the United States."  Exhibit A at 44 n.*.  Squarely in the teeth of that disavowal by the Solicitor General, the government advocates essentially the same materiality standard before this Court that the prosecution did in *Miller*.

The government should be held to its representations to the Supreme Court in *Ciminelli* and *Kousisis*.  It should not be permitted to tell a district court one thing to win a trial and tell the Supreme Court something entirely different to win there.  The Court should give Mokbel's materiality instruction.

Doc. 306 at 3-5.

Matters "played out" exactly as Mokbel forecast.  The government urged this Court to disregard the Solicitor General's representations to the Supreme Court and to give the easily satisfied Fifth Circuit pattern instruction on materiality.  Doc. 310 at 6-7.  The Court gave that instruction.  Doc. 317 at 10.  Citing the government's position in this case, the petitioners in *Kousisis* then pointed out to the Supreme Court that the government was not honoring in the trial courts the representations it was making to the Supreme Court in the Solicitor General's briefs.[1]

The Solicitor General evidently took note.  At oral argument in *Kousisis* on December 9, 2024, Deputy Solicitor General Eric Feigin referred to this case and the *Miller* case, in both of which the government had insisted on the pattern materiality instruction rather than the more stringent "very essence of the bargain" standard the Solicitor General had advocated.  Deputy Solicitor General Feigin told the Supreme Court:  "[L]et me just get the difficult part out first.  They've identified a couple of instances in their brief [*Miller* and *Mokbel*] where the government opposed an essence of the bargain instruction.  The government should not be doing that.  And we had filed a corrective letter in one case [*Miller*], and the other case [*Mokbel*] is post-verdict and we intend to confess error in that case as well."[2]  Mokbel's counsel promptly brought the Deputy Solicitor General's promise to confess error to the attention of the prosecutors in this case.

---

[1] Reply Brief for Petitioners at 20-21 n.4, *Kousisis v. United States*, No. 23-909.

[2] *Kousisis*, Oral Argument Transcript at 77.

## ARGUMENT

Seven weeks after the *Kousisis* argument, and after several further inquiries from Mokbel's counsel, the government finally filed its confession of error in this Court.  Doc. 357.  Even now, though, the government cannot bring itself to simply acknowledge that it was wrong and agree to a new trial for Mokbel.  It argues instead that the fraud charges involved more than contracting fraud and thus that the Court was correct to reject Mokbel's proposed "very essence of the bargain" instruction.  Doc. 357 at 8-11.

That argument fails.  At the heart of the case was the government's contention that Mokbel's alleged misrepresentations about ownership, the nature of the pharmacies (mail order or retail), compliance with the law and the provider manuals, and other matters fraudulently induced the PBMs to enter into contracts with the 4M pharmacies, to keep those contracts in place, and to make payments under them.  It presented witness after witness--including Jodi Sullivan, Blake Stockwell, Erin Rendleman, Steve McCall, Adianez Sepulveda-Ramos, and Agent David McBride, among others--to testify about the PBM contracts with the 4M pharmacies, their importance, the alleged misrepresentations Mokbel had made to obtain and keep those contracts, and the money he had obtained from them.  It argued these matters in closing.  Indeed, even the more peripheral alleged misrepresentations the government mentions in its memorandum--alleged falsehoods to doctors and patients--occurred (if at all) in the context of the PBM contracts and the 4M pharmacies' efforts to get paid under them.

Of course, even if some portion of the case had rested on alleged misrepresentations unrelated to the PBM contracts, as the government contends, the government could have

requested, and the Court could have given, the pattern materiality instruction limited to those alleged misrepresentations. The government did not request such a limited materiality instruction, and it would not have been warranted in any event for the reasons described above. Moreover, the asserted possibility that such an instruction could have been given with respect to certain alleged misrepresentations does not (as the government suggests) justify giving the wrong materiality instruction on the alleged misrepresentations at the heart of the case.

It was critically important that the jury receive a correct materiality instruction on the contract-related alleged misrepresentations. A properly instructed jury might well have concluded, for example, that the government had not proved, beyond a reasonable doubt, that representations about ownership or mail order versus retail operations went to the very essence of the bargain between the PBMs and the 4M pharmacies. The government's stubborn refusal to accept the position the United States had advanced repeatedly before the Supreme Court deprived Mokbel of his Fifth and Sixth Amendment right to a verdict by a jury that had been correctly instructed on the law.

In a classic bit of misdirection, the government takes issue with Mokbel's request that the jury be instructed that "[a] misrepresentation does not constitute fraud if the misrepresentation does not go to the nature of the bargain between the defendant and the alleged victim. A misrepresentation will go to the nature of the bargain if it goes to price or quality, or otherwise to essential aspects of the transaction." Doc. 357 at 9-10. That instruction correctly stated the law and should have been given. *See, e.g., United States v. Milheiser*, 98 F.4th 935, 943-44 (9th Cir. 2024). More to the point, however, that was a

5

*separate* instruction Mokbel requested, not part of the "very essence of the bargain" materiality instruction at issue here. *See* Doc. 303 at 4-5. By failing in its memorandum clearly to distinguish the two separate proposed instructions, the government implies that the concededly correct "very essence of the bargain" instruction should have been rejected because it included the "nature of the bargain" language the government continues to dispute.

That is plainly wrong. Whether or not the proposed "nature of the bargain" instruction was correct, the separate "very essence of the bargain" instruction should have been given. The Court's failure to do so, thanks to advocacy the government now confesses was erroneous, requires a new trial on the fraud counts (Counts 1 through 7). And because the 18 U.S.C. § 1957 counts (Counts 8, 9, and 11 through 14) charge the spending of the proceeds of the conspiracy to commit mail fraud and health care fraud alleged in Count 1, *see* Doc. 271 at 19; Doc. 317 at 31, a new trial must be granted on those counts as well.

Respectfully submitted,


*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8877
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508

*/s/ John D. Cline*
John D. Cline
Law Office of John D. Cline
600 Stewart Street, Suite 400
Seattle, WA 98101
(360) 320-6435
cline@johndclinelaw.com
California Bar License# 237759

*Counsel for the Defendant Mohamed Mokbel*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served this 7th day of February 2025 to the counsel of record, via ECF.


*/s/ Charles Flood*
Charles Flood