IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:21-cr-103 |
| | § | |
| MOHAMED M. MOKBEL | § | |

**DEFENDANT'S MOTION FOR NEW TRIAL ON
COUNTS 1 THROUGH 9 AND 11 THROUGH 14 OF THE FOURTH
SUPERSEDING INDICTMENT**

NOW COMES Mohamed Mokbel, by and through his attorneys, Charles Flood and John Cline, and moves the Court under Fed. R. Crim. P. 33 for a new trial on Counts 1 through 9 and 11 through 14 of the fourth superseding indictment. In support of this motion, Mokbel incorporates the arguments in Doc. 358 (his response to the government's confession of error), and adds the following:

1. This motion is timely. The Court ordered that post-trial motions be filed 28 days after the verdict--that is, by November 12, 2024. Under Fed. R. Crim. P. 45(b)(1)(B), the Court may extend the time for filing a new trial motion if Mokbel failed to file such a motion by the deadline because of "excusable neglect."

Any defense "neglect" here was plainly "excusable." As explained in Doc. 358, Deputy Attorney General Feigin told the Supreme Court on December 9, 2024 (almost a month after the November 12 deadline for filing a new trial motion) that the government "intend[ed] to confess error" in Mokbel's case.[1] On December 10, defense counsel sent the

---

[1] *Kousisis* Oral Argument Transcript (Doc. 357-1) at 77.

prosecutors in this case the *Kousisis* oral argument transcript and asked when they would confess error. Exhibit A. The prosecution responded that day, "Thanks for bringing this to our attention. We'll consult with appellate and let you know." Exhibit B. On December 16, defense counsel asked for an update. Exhibit C. The prosecution responded that day: "We have reached out to our appellate contact and are still awaiting a response." Exhibit D. On January 2, 2025, having heard nothing from the prosecution about the promised confession of error, defense counsel again asked for an update. Exhibit E. Counsel noted that "[w]ith sentencing approaching, we need to get this issue resolved." On January 7, the prosecution responded: "Appellate is reviewing the full record of this case. The decision-making process involves several layers of review and decision makers. Thus, we cannot currently say if or when or how a confession of error will happen. When we have more definitive information, we will be in touch." Exhibit F.

On January 22, 2025, having heard nothing further, defense counsel wrote yet again to the prosecution: "Two more weeks have passed without the confession of error that, on December 9, Deputy Solicitor General Feigin assured the Supreme Court was coming. If the government hasn't confessed error by the end of the day Friday, we will notify the district court and Mr. Feigin and take any further action that appears appropriate." Exhibit G. The prosecution responded that day: "Today we had a conference call with the appropriate individuals and will be filing a response shortly." Exhibit H. Five days later (January 27), the prosecution wrote: "We are currently drafting a notice to the Court about the Deputy Solicitor General's statement to the Supreme Court. In order to make sure all Department of Justice components (including those in DC) are aligned on this matter, the

final product will be filed shortly, but possibly not today." Exhibit I. On January 29, roughly seven weeks after the *Kousisis* oral argument, and after four prompts from defense counsel, the government finally filed its confession of error. Doc. 357. On February 7, Mokbel filed his response, Doc. 358, and he now files this motion.

Given the prosecution's foot-dragging in the face of defense counsel's persistence, it is quite rich for it now to claim the defense did not act soon enough. Doc. 361 at 3-5. Compared to the prosecution's slower-than-a-tortoise pace, the defense filed its response (Doc. 358) and this motion with blazing speed. It bears noting that the prosecution identifies no prejudice from the brief interval between its belated confession of error and this motion.

2. Apart from arguments Mokbel addressed in his response to the confession of error (Doc. 358), the government argues only that the erroneous materiality instruction was harmless. The government (Doc. 361 at 5-6) insists the Court should apply the plain error standard of review, as if Mokbel had not proposed a correct materiality instruction (Doc. 303 at 4), objected to the Court's instruction at trial, Doc. 306 at 3-5; Rough T. 10-14-24 at 13,[2] responded promptly to the government's confession of error, Doc. 358, and now filed this motion. Given how fiercely the defense has litigated the materiality instruction, the government's plain error argument is bewildering.[3]

---

[2] According to the rough transcript of the charge conference (which accords with defense counsel's recollection), the Court stated after the argument on the materiality instruction, "[Y]ou've preserved whatever error that might later be found." Rough T. 10/14/24 at 13, lines 24-25.

[3] It is also galling, given that the government could have avoided the error simply by complying at trial with the position the Solicitor General had staked out twice in the

3.      Under Fifth Circuit law, an erroneous jury instruction is harmless if the court of appeals, "after a thorough examination of the record, is able to conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error." *United States v. Cessa*, 785 F.3d 165, 186 (5th Cir. 2015) (cleaned up).  The government has not even attempted to satisfy that burden.  Nor could it make such a showing.  As set out in Doc. 358 at 4-5, the contracts between the PBMs and the 4M pharmacies were at the heart of the case.  A properly instructed jury (or at least one juror) might well have concluded that the government had not proven beyond a reasonable doubt that the alleged falsehoods it emphasized throughout (including, for example, who owned the 4M pharmacies and whether they were mail order or retail) went to the "very essence of the bargain."

## CONCLUSION

For the foregoing reasons, and for the reasons in Doc. 358, the Court should grant Mokbel a new trial on Counts 1 through 9 and 11 through 14.

---

Supreme Court.  If the prosecution had any doubt about the proper materiality instruction, all it had to do was call the Solicitor General's office to confirm that it should support the "very essence of the bargain" formulation the defense proposed--but it apparently did not bother to do so.

Respectfully submitted,

*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8877
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508

*/s/ John D. Cline*
John D. Cline
Law Office of John D. Cline
600 Stewart Street, Suite 400
Seattle, WA 98101
(360) 320-6435
cline@johndclinelaw.com
California Bar License# 237759

*Counsel for the Defendant Mohamed Mokbel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served this 17th day of February 2025 to the counsel of record, via ECF.

                                          */s/ Charles Flood*
                                          Charles Flood